# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| F. DAVID REISE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-142 (MTT) |
| CAMPING TIME RV CENTERS LLC, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff F. David Reise moves to remand this case to the Superior Court of Peach County, Georgia. Doc. 6. For the reasons stated herein, the Motion to Remand (Doc. 6) is **GRANTED**, and the case is **REMANDED**.

## I. BACKGROUND

Reise, a Georgia resident, brings multiple claims against Defendants Keystone RV Company (KRV) and Camping Time RV Centers LLC (CT), both of whom are citizens of Delaware and Illinois, and Shawna Savage, a Georgia resident, related to his purchase of, and the Defendants' efforts to repair, a 2015 Fuzion Model 4013 fifth wheel recreational vehicle (the RV). *See generally* Doc. 1-1. Reise experienced various difficulties with the RV and ultimately decided to reject his acceptance of the vehicle leading to this lawsuit, which he filed in the Superior Court of Peach County, Georgia on June 29, 2016. Doc. 1-1 ¶¶ 2, 9-37. Reise's claims against Savage relate to her role as service manager for CT. Docs. 1-1 ¶¶ 43-47; 6 at 2-4. Specifically, Reise's claims against Savage appear to include negligent misrepresentation, fraud, and breach of

warranty. See Docs. 1-1 ¶¶ 43-47; 6 at 23. On March 22, 2017, the Defendants deposed Reise. Doc. 4-1. During that deposition, there was an interesting exchange in which the Defendants asked why Savage was joined as a defendant, and, despite his counsel's best efforts to prevent him from doing so, Reise responded in a surprising way:

> [Q:] [W]hy did you sue Shawna Savage?
> [Reise]: Well, I understood that's a legal—I mean, I don't want Shawna to take it personal. I understood in order—can I answer?
> [Reise's Attorney]: No.
> [Q:] You don't need to answer what his intention is. I'm talking about yours.
> [Reise]: No. I didn't—I understood I had to name somebody in the state and she was third on the totem pole. The other two [potential defendants] had gone to Florida.
> [Reise's Attorney]: Don't get into items—legal advice.
> [Reise]: Okay.
> [Reise's Attorney]: I was the one that drew the suit.
> [Reise]: All right. . . . I did it on advice of my attorney.

Doc. 4-1 at 25-26.

The Defendants interpreted these statements as Reise unwittingly admitting that Savage was joined merely to defeat federal diversity jurisdiction. Doc. 1 ¶ 11. Accordingly, on April 13, 2017, the Defendants removed the case to this Court arguing Savage should be dismissed due to fraudulent joinder. *Id.* ¶ 8, 11. Reise has since moved to remand arguing that, despite his deposition gaffe, he in fact does have a plausible claim against Savage and therefore Savage was not fraudulently joined. *See generally* Doc. 6. Thus, Reise argues this Court lacks jurisdiction and the case should be remanded. *Id.*

## II. FRAUDULENT JOINDER

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). To prove fraudulent joinder, the Defendants must show that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The burden of establishing fraudulent joinder is a heavy one, and "[i]f there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Triggs*, 154 F.3d at 1287 (emphasis in original) (internal quotation marks and citation omitted). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citation omitted). The Court must evaluate all factual allegations in the light most favorable to the plaintiff and resolve any uncertainties in the applicable law in the Plaintiff's favor. *Id*.

## III. DISCUSSION

In support of their claim that Savage was fraudulently joined, the Defendants argue that Reise has no claim against Savage because: (1) Savage cannot be liable for breach of warranty; (2) Reise is barred from bringing a tort claim of negligent misrepresentation by the economic loss rule; (3) Reise does not state a claim against

Savage, whether for negligent misrepresentation or fraud; and (4) even if Reise does state a claim against Savage, the deposition testimony proves those allegations to be false. Doc. 8 at 9-14. However, in spite of Reise's best efforts to undermine his own claim and the alleged strategic motives behind joining Savage, the Court cannot find that there is no possibility a state court could determine that Reise states a negligent misrepresentation claim against Savage.[1] *See Triggs*, 154 F.3d at 1287.

The Defendants argue the economic loss rule bars Reise's tort claims against Savage because he seeks only economic losses and is thus limited to a contract remedy. Doc. 8 at 9-12. The Defendants correctly define the economic loss as follows:

> "Georgia's economic loss rule 'generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort. Under the economic loss rule, a plaintiff can recover in tort only those economic losses resulting from injury to his person or damage to his property.'"

Doc. 8 at 10 (quoting *Helpling v. Rheem Mfg. Co.*, 2016 WL 1222264, at *16 (N.D. Ga. Mar. 23, 2016)). Even if the economic loss rule is applicable here, Reise's negligent misrepresentation claim against Savage falls squarely within the "misrepresentation exception" to the economic loss rule, which is defined in *Helping*, a case upon which the Defendants rely in making their economic loss rule argument, as follows:

> [O]ne who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly.

---

[1] Because Reise states a claim of negligent misrepresentation, the Court need not address the Defendants' arguments concerning his contract and fraud claims.

2016 WL 12222264 at *16 (quoting *City of Cairo v. Hightower Consulting Eng'rs, Inc.*, 278 Ga. App. 721, 728-29, 629 S.E.2d 518, 525 (2006)). Here, Savage, through the course of her employment, allegedly represented to Reise that the RV was repaired, this information was intended for Reise, and he alleges that he did in fact rely on that information. Doc. 1-1 ¶¶ 45-46. Thus, the economic loss rule does not bar Reise from bringing a negligent misrepresentation claim against Savage. *See id.*

Secondly, Reise does in fact state a claim for negligent misrepresentation against Savage. Under Georgia's notice pleading standard, Reise need only give "fair notice [of the claim] and state[ ] the elements of the claim plainly and succinctly . . . ."[2] *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011) (quoting *Carley v. Lewis*, 221 Ga. App. 540, 542, 472 S.E.2d 109, 110-11 (1996)). "The essential elements of negligent misrepresentation are (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." *Marquis Towers, Inc. v. Highland Grp.*, 265 Ga. App. 343, 346, 593 S.E.2d 903, 906 (2004) (internal quotation marks and citation omitted). In Reise's Complaint, he alleges that (1) Savage misrepresented that the RV was properly repaired; (2) that, because of these representations, Reise did not notify KRV that the RV was irreparable or revoke his acceptance; and (3) that his delay in revoking as a result of the misrepresentations caused him economic injury. Doc. 1-1 ¶ 23-24, 43-47.[3]

---

[2] "To determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011).

[3] Reise's affidavit, submitted with his Reply to the Defendant's Response, clarifies the nature of his claim: "But for Shawna's misrepresentations as to the condition of the RV and her assurances of prompt and

Accordingly, Reise has put the Defendants on notice of the claim against Savage and the grounds upon which it rests.

Finally, a jury could find that Savage negligently misrepresented the condition of the RV causing economic harm to Reise. The Defendants argue that "[e]ven if [Reise] could assert tort claims against [Savage] . . . , his allegations that [ ] Savage made misrepresentations regarding repairs to his vehicle are demonstrably false" and that the "elements of a negligent misrepresentation claim are not present here." Doc. 8 at 11. The Defendants rely on Reise's deposition testimony as establishing that he had only innocuous conversations with Savage and that she gave no misrepresentations. *Id.* at 11, 14. But Reise presents evidence, in both his deposition testimony and his affidavit, which a jury could construe as establishing that (1) Savage did misrepresent the condition of the vehicle and whether it could in fact be repaired; (2) that Reise reasonably relied on that statement, and (3) that he suffered damages as a consequence. *See* Docs. 10-1 ¶ 6-9; 10-2 at 5-6. Regardless of the veracity of Reise's allegations and evidence which he presents, there is a factual dispute present that a jury could resolve in his favor.

Accordingly, the Defendants have failed to prove there is no possibility that a state court could find that Reise has stated a cause of action against Savage, the resident defendant. *See Triggs*, 154 F.3d at 1287. The Court therefore finds that Savage was not fraudulently joined. Thus, this Court lacks diversity jurisdiction because Reise and Savage are both citizens of Georgia. 28 U.S.C. § 1332(a). The case must be remanded to state court.

---

effective service, I would have [revoked acceptance of the RV] months earlier and saved much time and money." Doc. 10-1 ¶ 16.

## IV. CONCLUSION

Reise's Motion to Remand (Doc. 6) is **GRANTED**. The case is **REMANDED** to the Superior Court of Peach County, Georgia.

**SO ORDERED**, this 5th day of July, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
